IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:09-CV-152

| | |
|---|---|
| PGD INVESTMENTS, INC. and ALEXANDER ZOLFAGHARI, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID E. WALSH, individually; DAVID E. WALSH in his capacity as Chief Executive Officer/Director and Chairman of the Board of Directors of Carolina Real Estate Investment Trust, Inc. and U.S. Rental Housing REIT, Inc.; CAROLINA REAL ESTATE INVESTMENT TRUST, INC.; U.S. RENTAL HOUSING REIT, INC.; WALSH HOLDING CORP.; and INPLAY TECHNOLOGIES, INC., <br><br> Defendants. | ORDER |

This matter is before the Court on Plaintiffs' Motion for Sanctions. For reasons given below, the Motion is GRANTED. Default judgment is entered in favor of Plaintiffs, and Defendants must also pay costs, including Plaintiffs' deposition and motion expenses.

**BACKGROUND**

Plaintiffs filed a complaint, alleging that they were fraudulently induced into investing $268,000, and that Defendants refused to return the investment. Defendants answered the complaint. Shortly thereafter, Defendants' counsel withdrew from the case and Defendants were notified they had 30 days to retain new counsel, and if they did not, they would be served by mail at their address in Poway, California. Defendants did not retain new counsel.

Plaintiffs wished to depose Defendants and sent proper notice to the Poway address and several other addresses where Defendants might have been reached. Defendants never responded and did not attend the scheduled depositions. Plaintiffs now move this Court to sanction Defendants, including entering default judgment, striking Defendants' pleadings, and levying costs against the Defendants. Plaintiffs' attorney, Even Sauda, submits an affidavit detailing the fees and costs in preparing for and attending the depositions, and preparing this Motion for Sanctions: $3,859.20.

Because Defendants are *pro se*, the Court sent them a Roseboro letter. Defendants failed to respond.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides that the Court can sanction a party that was properly noticed and failed to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). These sanctions can include striking the party's pleadings and "rendering a default judgment against the party," and "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3).

A district court has "wide discretion to impose sanction for a party's failure to comply" with discovery. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872. F.2d 88, 92 (4th Cir. 1989). When the sanction is default judgment, a court's "'range of discretion is more narrow' because the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court.'" *Id.* (quoting *Wilson v. Volkswagen of Am., Inc.,* 561 F.2d 494, 503-04 (4th Cir.1977)). These competing interests demand the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the

amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id.*

Applying the above four factors to this case, the Court has decided to strike Defendants' pleadings and enter default judgment in favor of Plaintiffs.

First, Defendants willful nonparticipation in discovery constitutes bad faith. *See Pandolfo v. Howard Perry & Watson Realty, Inc.*, 2007 WL 1847287 (E.D.N.C. June 25, 2007) (holding that "Plaintiffs' ongoing unwillingness to cooperate in the discovery process, combined with their repeated disregard for the instructions and deadlines imposed by this Court, constitutes bad faith").

Second, Plaintiffs are severely prejudiced because they have been prevented from asking Defendants about matters and documents are material to this case. *See Daye v. General Motors Corp.*, 172 F.R.D. 173, 178 (M.D.N.C. 1997) (finding prejudice when a party failed "to provide the most elementary of discovery responses").

Third, if this Court let Defendants' failures go unpunished, "other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout [discovery]." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Fourth, less drastic sanctions would be less effective. Defendants received a Roseboro letter and failed to respond. There is no point in continuing these proceedings when Defendants have disengaged from the process. *See Green v. John Chatillon & Sons*, 188 F.R.D. 422, 425 (M.D.N.C. 1998).

The Court therefore orders default judgment in favor of Plaintiffs in the amount of $268,000 and additional costs, including the $3,859.20 spent on depositions and preparing this

motion. Defendants pleadings are to be stricken. So ordered.

Signed: February 19, 2010

Graham C. Mullen
United States District Judge